THE PEOPLE OF THE STATE OF NEW YORK on Complaint of JOSIAH L. WOOD, Plaintiff, *v.* INTERNATIONAL BROADCASTING CORPORATION, Defendant.

Magistrates' Court of City of New York, Borough of Manhattan, Seventh District, October 16, 1931.

Before EDWARD WEIL, City Magistrate.

*Charles A. Schneider, Deputy Attorney-General,* for the People.

*Louis H. Levin,* for the defendant.

The Court:. The People of the State of New York, on complaint of Josiah L. Wood, against International Broadcasting Corporation. The defendant, International Broadcasting Corporation, a domestic corporation, with offices at 16 East Forty-second street, is charged with violation of section 1199 of the Penal Law and section 50 of the Insurance Law (as amd. by Laws of 1925, chap. 526). The defendant owns and operates a radio station known as WOV. The only witness who testified was one Josiah L. Wood, attached to the complaint bureau of the New York State Department of Insurance. The testimony of this witness is not disputed. Briefly, the witness testified that on the 29th day of November, 1931, while at home, at about the hour of seven minutes after three o'clock, he tuned in on station WOV and heard a voice say " that the Union Mutual Life Insurance Company, of Des Moines, Iowa, issued policies of life insurance which were somewhat cheaper than a similar form of insurance in other companies; that if the hearer was interested in obtaining a policy of insurance in this company he should send a letter addressed to the company, either to the home office of the company at Des Moines, Iowa, or to the broadcast station WOV, 16 East 42nd Street." That the voice quoted a comparison of rates and made some reference to sending in for literature at the home office of the company. It further requested the age of the hearer's nearest birthday in order that a sample policy which might be sent for would show the cost of the policy.

This court has obtained jurisdiction of the defendant by the services of a summons and the defendant's attorney has consented that the testimony taken on the summons shall be considered the testimony taken on a complaint if one is ordered. The following facts are conceded:

1. Service of a summons on the corporation.

2. That John Iraci is president of the defendant corporation..

3. That the corporation operates and conducts a radio broadcast station known as WOV, license therefor having been issued to it by the Federal Radio Commission and which license was in force at the time these proceedings were instituted and at the time of the alleged violation.

4. That the defendant corporation maintains a broadcasting studio at 16 East Forty-second street, New York city.

5. That the transmitter and apparatus through which the broadcasting is operated is located in Secaucus, N. J.

6. That the particular program broadcast and made the basis of the charge that section 1199 of the Penal Law and section 50 of the Insurance Law were alleged to constitute a violation, occurred

at the broadcast studio at 16 East Forty-second street, New York city, in that an electrical disc, an appurtenant apparatus, was put on at the said studio in New York county.

7. The corporation employs an engineer to operate the transmitter at Secaucus, N. J., and in addition employs at its New York office an announcer and a program manager, the latter making introductory announcements respecting the program broadcast on behalf of the Union Mutual Life Company of Des Moines, Iowa.

8. The Union Mutual Life Company of Des Moines, Iowa, is a company organized under the laws of the State of Iowa engaged in life insurance business.

9. That the said company is not authorized to do business in the State of New York.

10. That the Union Mutual Life Company of Iowa has contracted with the defendant corporation as per contract offered in evidence and marked " People's Exhibit A " to broadcast the disc and to receive as compensation one-third of the first premium paid on all new policies.

Section 1199 of the Penal Law reads: " Acting for foreign insurance corporation which has not designated superintendent of insurance as attorney. Any person acting for himself or for others, who solicits or procures, or aids in the solitation or procurement of policies or certificates of insurance from, or adjusts losses or in any manner aids the transaction of any business for, any foreign insurance corporation, which has not executed and filed in the office of the superintendent of insurance, a written appointment of the superintendent to be the true and lawful attorney of such corporation in and for this State, upon whom all lawful process in any action or proceeding against the corporation may be served, is guilty of a misdemeanor."

There are involved in this prosecution numerous questions solely of law, but a careful examination of the above-mentioned sections is the primary and most important consideration in the determination of this hearing. Section 1199 of the Penal Law makes it a misdemeanor for any person acting, etc.

In the construction and interpretation of penal statutes, it is incumbent upon the court to strictly construe them. The defendant is a corporation, and since the section makes no mention of a corporation but only of a person, we can immediately dismiss this from our construction.

Section 50 of the Insurance Law, however, reads that no person or corporation shall act as agent for a foreign insurance company or insurers or insurer in the transaction of any business of insurance within this State or negotiate for or place a risk for any such cor-

poration or insurer or in any way or manner aid such corporation or insurer in effecting insurance or otherwise in this State unless such corporation or insurer shall have fully complied with the provisions of this chapter.

In order for one to act as agent in the transaction of any business, one must procure insurance, write policies, settle claims, or solicit insurance. Did the defendant corporation do any of these acts? The mere placing of a disc so that a comparison of rates can be given or the request for a person's age, cannot be construed as the procurement of insurance. It cannot be construed as the writing of policies, settling of claims, or soliciting insurance. Solicitation requires the asking to buy.

There is not a scintilla of proof that there was any solicitation for insurance. " The Voice " merely gave information, the same as any newspaper advertisement. does. Surely, an advertisement in the newspapers cannot be construed as an agency wherein the newspaper is the agent for the advertiser.

The dictionary defines " solicitation " as " asking for earnestly, seeking to obtain by persuasion or entreaty." The testimony of Wood does not indicate any entreaty on the part of " The Voice " to seek by persuasion, or obtain by entreaty, insurance. It merely compared rates and asked for the hearer's nearest birthday.

The defendant corporation in no manner placed a risk for the contract, specifically provided that the station shall in no manner undertake to sell policies of insurance, nor solicit applications, nor to accept moneys for premiums, nor to answer any inquiries regarding insurance.

Now we reach the consideration of the third subdivision, making it a violation " to in any * * * manner aid in * * * effecting insurance." " Effecting " is described in the dictionary as bringing to an issue or to full success. Did the defendant corporation aid in bringing to an issue the placing of insurance? I do not believe so, because the acts of the defendant corporation were merely the introductory steps which might have culminated in obtaining prospects for insurance. It merely advertised the existence of the company and a comparison of rates.

The court finds that the defendant at most was merely the medium for advertising and as such has not violated section 1199 of the Penal Law or section 50 of the Insurance Law. The summonses are dismissed, and the defendant is discharged.

Mr. Schneider: No purpose would be served at this time to make an argument.

The Court: I have heard all your argument.

Mr. Schneider: Save only with respect to one matter not hereto-

fore discussed; that is, the General Construction Law (§ 37) recites where the word " person " is used in the statute, it embraces corporation. Solely on that basis you dismiss the charge under section 1199. You will find that the law does specifically state where the term " person " is employed, it also embraces the term corporation, so that a dismissal cannot be predicated solely upon that.

The Court: Well, it is not solely predicated upon that as the reading of my decision will indicate.

Mr. Schneider: You made a summary disposition by reciting inasmuch as the statute must be strictly construed and since it makes no reference to corporations —

The Court: With reference to section 1199, and then I passed upon the merits of the application with respect to section 50 of the Insurance Law.

Mr. Schneider: But I say that the construction which I claim should have been placed upon the term " person," namely, to embrace the term corporation, your determination would then have been based upon other facts and not upon that, and that is the sole determination you make.

The Court: No, I don't think so. What I said with reference to section 50 of the Insurance Law was practically in effect the same as section 1199 of the Penal Law. I think that even in that event the decision would go to the merits of the application, and the facts as stated in my decision clearly indicate that I do not believe that the defendant either solicited insurance or aided or abetted in the solicitation of insurance, but simply acted as advertiser, the same as a newspaper would act as an advertising medium.